## JEWETT *v.* BERRY.

A lessor cannot proceed for a forfeiture of a term for non-payment of rent, unless the rent be first demanded upon the land at the day it is due.

One to whom land is devised over upon a condition annexed to a preceding devise, must enter for condition broken, before he can maintain a possessory action for the premises.

TRESPASS, for mesne profits of the farm called the David Wentworth farm, in Alton, from the first day of April, 1846, to the twenty-eight day of August, of the same year.   Plea, the general issue.

The parties submitted the following statement of facts: James Jewett, being the owner of the farm, died, having made his last will and testament, which was duly proved, and which contained the following provisions concerning the premises in question:

"It is my will that David Wentworth have liberty to live on that farm of mine, in said Alton, where he now lives, and to carry on the whole of the same to the halves, excepting fifty acres, which I intend to bestow upon my nephew, James Jewett, Jr., so long as the said David Wentworth and my nephew, Mark Jewett, shall agree for

that purpose; and that after my decease, if the said Wentworth be still living on said farm, the avails of one half that grows annually on the same shall be appropriated yearly to the purpose of supporting a school, in the district near Clay point, in said Alton, for the use of the inhabitants of said district.

"Farther: after the decease of said Wentworth, or after he shall cease to carry on said farm, as aforesaid, I do hereby give and devise the whole of said farm, with the appurtenances and privileges to the same appertaining, excepting the fifty acres hereinafter given to the said James Jewett, Jr., to the present and future inhabitants of the said district: provided they will pay the taxes thereof, and annually appropriate the rent or net profits of said farm to the purpose of keeping a school in said district for the benefit of the inhabitants; and provided my nephews, Nicholas Noyes, Mark Jewett, Jr., and Benjamin Wiggin, and their heirs in succession forever, have liberty to send yearly to said school any number of their offspring, not exceeding ten in the whole at one and the same time. Said farm contains about one hundred acres, exclusive of the fifty acres to be given to James Jewett, Jr., as above mentioned."

There was the following codicil:

"And whereas there has been some doubt expressed whether the devise intended to the inhabitants of the school district, at Clay point, could be carried into effect, for want of legal persons to take the devise, I give and devise, for the express purpose of carrying my intention into effect, in this particular, as expressed in my said will, said tract of land, so described, to the inhabitants of said district, to be under the sole direction of said district, to the sole use and benefit of the inhabitants of said district, to be solely appropriated for keeping schools in said district, for the instruction of reading, writing, geography, and other branches usually taught in English grammar schools,

upon the conditions mentioned in my said will, together with the farther condition, that the said district shall not, in territory, be enlarged at any time hereafter, nor be in any way so altered as to exclude either of the farms which I own there, or any part thereof, from said district.

"And in case the conditions aforesaid are not all complied with, or in case the said property, or the use thereof, should be perverted from the use therein mentioned, then it is my will that the same revert and go to my said nephews, Mark Jewett, Nicholas Noyes, James Jewett and Benjamin Wiggin, and to their heirs and assigns, to hold to them and their heirs and assigns forever, for the purposes aforesaid.

" And whereas in my will I did devise all my real and personal estate, that was not otherwise disposed of in said will, to Nicholas Noyes, and to his heirs and assigns forever, it is my intention in this, my codicil to said will, to devise and bequeath all said real and personal estate, not disposed of as aforesaid, as also what may not be disposed of in this codicil, to my executors, Mark Jewett and Nicholas Noyes, to be equally divided between them."

David Wentworth, named in the will, continued to occupy the farm till some time in the year 1825, when he left it ; and afterwards, on the 28th of April, of that year, this plaintiff, with James McDuffie, Jr., and others, being all the legal voters in said school district, leased the farm by indenture to one Jacob Wentworth, his heirs, administrators and assigns, for a term of nine hundred and ninety-nine years, at a yearly rent of $33.60, with certain conditions, one of which was that if the yearly rent should not be paid within sixty days after the same should have fallen due, the lease should be void.

Jacob Wentworth continued to occupy the farm till 1842, when he died intestate, without having assigned the lease, and no administration was taken upon any estate of his. He left a widow residing upon the farm, who soon

Jewett *v.* Berry.

afterwards went out of the State, leaving one Shepherd Ferrers in possession; but returned in about two years, and became the wife of the defendant, with whom she resides upon the farm. No rent has been paid since her return in 1844.

The school district has not been enlarged or altered, nor have the families named therein, at any time, been deprived of the privilege of sending to the school since the decease of the testator.

Nicholas Noyes and Mark Jewett were the executors and legatees of the testator, and before a final settlement of the estate was effected, Nicholas Noyes died, leaving several children. Before the death of Jacob Wentworth the rent of the farm was paid to Mark Jewett, who signed receipts for the same, as agent of the district; but since that time no measures have been taken by the district to secure the rent.

The defendant was in possession, and had been notified by the plaintiff, in writing, to quit the premises before the action was commenced.

The parties agreed that judgment should be entered for the plaintiff, or for the defendant, according to the opinion of the court; and the questions arising upon the case were transferred to this court for determination.

*Eastman*, for the plaintiff.

*Vaughan*, for the defendant.

WILCOX, J. It is nothing to the purpose, that no personal representative of Jacob Wentworth has appeared to claim the term of nine hundred and ninety-nine years, created by the indenture in 1825, between the plaintiff and others on the one part, and Jacob Wentworth on the other. Nor is the defendant required to show any privity with the lessee, unless the plaintiff is in a position to maintain the present action.

That term is still outstanding, at least as against this plaintiff, by estoppel, and it is not necessary to inquire whether, as the surviving trustee under the will, he had the power alone to make the lease, or whether the inhabitants of the district with whom he joined in that act, were the proper parties to make it. The mere omission to pay the rent does not work a forfeiture of the term, unless the rent be demanded on the day it is due, and upon the premises out of which it issues. *McMurphy* v. *Minot*, 4 N. H. 251; *Sperry* v. *Sperry*, 8 N. H. 477.

Neither is he able to maintain this action under the will, which provided that in case the district should fail to appropriate the proceeds of the farm to the purposes of instruction, his nephews should have the land, to hold in trust for the same purposes. There has been no entry for condition broken. *Willard* v. *Henry*, 2 N. H. 120.

It is clear, therefore, that this plaintiff has no possession of the land which entitles him to maintain this action. By the agreement of the parties, therefore, there must be

*Judgment for the defendant.*